UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

BRADLEY R. SEMRICH,

Plaintiff,

v. Case No. 26-cv-1350-pp

SGT. ZACHARY T. DUTTER, *et al.*,

Defendants.

---

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 2), DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION TO APPOINT COUNSEL (DKT. NO. 7) AND SCREENING COMPLAINT UNDER 28 U.S.C. §1915A**

---

Plaintiff Bradley R. Semrich, who is incarcerated at the Kenosha County Detention Center and is representing himself, filed a complaint under 42 U.S.C. §1983, alleging that the defendants used excessive force when they arrested him. This decision resolves the plaintiff's motion for leave to proceed without prepaying the filing fee, dkt. no. 2, screens his complaint, dkt. no. 1, and resolves his motion to appoint counsel, dkt. no. 7.

## I. Motion for Leave to Proceed without Prepaying the Filing Fee (Dkt. No. 2)

The Prison Litigation Reform Act (PLRA) applies to this case because the plaintiff was incarcerated when he filed his complaint. See 28 U.S.C. §1915(h). The PLRA lets the court allow an incarcerated plaintiff to proceed with his case without prepaying the civil case filing fee. 28 U.S.C. §1915(a)(2). When funds exist, the plaintiff must pay an initial partial filing fee. 28 U.S.C. §1915(b)(1).

He then must pay the balance of the $350 filing fee over time, through deductions from his prisoner account. Id.

On August 11, 2026, the court ordered the plaintiff to pay an initial partial filing fee of $31.60. Dkt. No. 5. The court received that fee on August 21, 2026. The court will grant the plaintiff's motion for leave to proceed without prepaying the filing fee and will require him to pay remainder of the filing fee over time in the manner explained at the end of this order.

## II. Screening the Complaint

### A. Federal Screening Standard

Under the PLRA, the court must screen complaints brought by incarcerated persons seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court must dismiss a complaint if the incarcerated plaintiff raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

In determining whether the complaint states a claim, the court applies the same standard that it applies when considering whether to dismiss a case under Federal Rule of Civil Procedure 12(b)(6). See Cesal v. Moats, 851 F.3d 714, 720 (7th Cir. 2017) (citing Booker-El v. Superintendent, Ind. State Prison, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts,

accepted as true, to "state a claim for relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under the color of state law. D.S. v. E. Porter C'nty Sch. Corp., 799 F.3d 793, 798 (7th Cir. 2015) (citing Buchanan–Moore v. C'nty of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009)). The court construes liberally complaints filed by plaintiffs who are representing themselves and holds such complaints to a less stringent standard than pleadings drafted by lawyers. Cesal, 851 F.3d at 720 (citing Perez v. Fenoglio, 792 F.3d 768, 776 (7th Cir. 2015)).

B. The Plaintiff's Allegations

The plaintiff sues Sgt. Zachary T. Dutter, Sgt. Michael D. Algiers, Officer Brandon L. Matz and Officer Daniel W. Moorehouse, all of whom work for the Pleasant Prairie Police Department. Dkt. No. 1 at 1-2. He alleges that on September 16, 2024, the defendants arrested him following a forty-five-minute chase. Id. at 3. Dutter allegedly tackled the plaintiff and punched him in the face multiple times. Id. The plaintiff states that when Dutter covered the plaintiff's mouth and nose with his hand, he bit Dutter. Id. When Dutter moved

his hand, the plaintiff allegedly screamed for help while he was laying prone with his right arm held behind his back and his left arm pinned to the ground by Dutter. Id. at 4.

The plaintiff alleges that when Matz arrived, he took the plaintiff's right arm and Dutter yelled at the plaintiff to stop resisting and put his arms behind his back, which they already were. Id. Dutter allegedly punched the plaintiff in his face/head while Matz held his arm behind his back. Id. The plaintiff states that he couldn't move his left arm and he was pinned down and not resisting. Id. He asserts that the next thing he knew, a dog attacked him while he was pinned down by two officers. Id. While the dog bit the plaintiff, Algiers allegedly choked the plaintiff while he was screaming for the dog to stop biting him. Id. The plaintiff states that he suffered about forty "puncture wounds" from the dog, who bit him for about seven seconds while he was cuffed. Id. He allegedly lost consciousness briefly and awoke to find officers pulling him to a sitting position by lifting his cuffed arms behind his back, which caused pain. Id. Moorehouse and other officers were present and did not stop the excessive use of force. Id.

The plaintiff states that he seeks damages for excessive force and compensation for his injuries and PTSD. Id. at 5.

C. Analysis

The court analyzes an arrestee's claim for excessive force under the Fourth Amendment's objective reasonableness standard. Graham v. Connor, 490 U.S. 386, 388 (1989). "An officer's use of force is unreasonable if, judging

from the totality of the circumstances at the time of the arrest, the officer uses greater force than was reasonably necessary to effectuate the arrest." Gupta v. Melloh, 19 F.4th 990, 996 (7th Cir. 2021) (quoting Phillips v. Cmty. Ins. Corp., 678 F.3d 513, 519 (7th Cir. 2012)). At this early stage, the plaintiff may proceed on a Fourth Amendment excessive force and/or failure to intervene in excessive force claims against the defendants in their individual capacities.

## III. Motion to Appoint Counsel (Dkt. No. 7)

The plaintiff has filed a letter requesting appointment of counsel. Dkt. No. 7. He says he does not know what he's doing. Id. The plaintiff states that the body camera footage supports his complaint allegations. Id. He also asserts that he reached out to attorneys, but they didn't get back to him. Id.

In a civil case, the court has discretion to recruit a lawyer for individuals who cannot afford to hire one. Navejar v. Iyola, 718 F.3d 692, 696 (7th Cir. 2013); 28 U.S.C. §1915(e)(1); Ray v. Wexford Health Sources, Inc., 706 F.3d 864, 866-67 (7th Cir. 2013). "[D]eciding whether to recruit counsel 'is a difficult decision: Almost everyone would benefit from having a lawyer, but there are too many indigent litigants and too few lawyers willing and able to volunteer for these cases.'" Henderson v. Ghosh, 755 F.3d 559, 564 (7th Cir. 2014) (quoting Olson v. Morgan, 750 F.3d 708, 711 (7th Cir. 2014)).

In exercising its discretion, the court must consider two things: "(1) 'has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so,' and (2) 'given the difficulty of the case, does the plaintiff appear competent to litigate it himself?'" Eagan v. Dempsey,

987 F.3d 667, 682 (7th Cir. 2021) (quoting Pruitt v. Mote, 503 F.3d 647, 654-55 (7th Cir. 2007)). And, given the scarcity of *pro bono* counsel resources, the court may also consider the merits of a plaintiff's claim and what is at stake. Watts v. Kidman, 42 F.4th 755, 763-64 (7th Cir. 2022).

To satisfy the first prong, the court must determine that a plaintiff made a good faith effort to hire counsel. Pickett v. Chi. Transit Auth., 930 F.3d 869, 871 (7th Cir. 2019). "This is a mandatory, threshold inquiry that must be determined before moving to the second inquiry." Eagan, 987 F.3d at 682. To demonstrate he satisfied the first prong, the plaintiff must show he contacted at least three lawyers and provide the court with (1) the lawyers' names; (2) their addresses; (3) how and when the plaintiff attempted to contact the lawyer; and (4) the lawyers' responses.

"The second inquiry requires consideration of both the factual and legal complexity of the plaintiff's claims and the competence of the plaintiff to litigate those claims." Eagan, 987 F.3d at 682. When considering the second prong, the court "must examine the difficulty of litigating specific claims and the plaintiff's individual competence to litigate those claims without counsel." Pennewell v. Parish, 923 F.3d 486, 490 (7th Cir. 2019). The court looks at "whether the difficulty of the case, factually, legally, and practically, exceeds the litigant's capacity as a layperson to coherently litigate the case." Id. This includes "all tasks that normally attend litigation," such as "evidence gathering, preparing and responding to court filings and motions, navigating discovery, and putting on a trial." Id. at 490-491. The court "must consider the plaintiff's

literacy, communication skills, education level, litigation experience, intellectual capacity, psychological history, physical limitations and any other characteristics that may limit the plaintiff's ability to litigate the case." Id. at 491. In situations where the plaintiff files his motion in the early stages of the case, the court may determine that it is "impossible to tell whether [the plaintiff] could represent himself adequately." Pickett, 930 F.3d at 871.

The plaintiff states that he reached out to lawyers, but he does not include the names and addresses of the lawyers he contacted. To satisfy the threshold requirement for appointment of counsel, the plaintiff must provide the court with the names and addresses of at least three lawyers he contacted in an attempt to find a lawyer on his own. Even if the plaintiff had satisfied this requirement, the court is allowing him to proceed on straightforward excessive force and failure-to-intervene claims. The plaintiff has personal knowledge of the events that give rise to his claims, and his detailed complaint and other case filings show that he can advocate for himself. At this stage, the plaintiff simply must wait for the defendants to file an answer to the complaint. Once they do that, the court will issue a scheduling order setting deadlines for the parties to complete discovery and file motions for summary judgment. Based on the plaintiff's claim and his abilities thus far, the court believes that he can participate in discovery and respond to a motion for summary judgment. The court will deny without prejudice the plaintiff's motion to appoint counsel.

## IV. Conclusion

The court **GRANTS** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 2.

The court **DENIES WITHOUT PREJUDICE** the plaintiff's motion to appoint counsel. Dkt. No. 7.

The court **ORDERS** the U.S. Marshals Service to serve a copy of the complaint and this order on defendants Zachary T. Dutter, Michael D. Algiers, Brandon L. Matz and Daniel W. Moorehouse under Federal Rule of Civil Procedure 4. Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. §1921(a). Although Congress requires the court to order service by the U.S. Marshals Service, it has not made any provision for either the court or the U.S. Marshals Service to waive these fees. The current fee for waiver-of-service packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. §§0.114(a)(2), (a)(3). The U.S. Marshals Service will give the plaintiff information on how to remit payment. The court is not involved in collection of the fee.

The court **ORDERS** defendants Zachary T. Dutter, Michael D. Algiers, Brandon L. Matz and Daniel W. Moorehouse to file a responsive pleading to the complaint.

The court **ORDERS** that the agency that has custody of the plaintiff must collect from his institution trust account the **$318.40** balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the plaintiff's

trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The agency must clearly identify the payments by the case name and number. If the plaintiff transfers to another county, state or federal institution, the transferring institution must forward a copy of this order, along with the plaintiff's remaining balance, to the receiving institution.

The court will send a copy of this order to the Kenosha County Sheriff, who oversees the Kenosha County Detention Center, where the plaintiff is confined.

The court **ORDERS** that the parties must not begin discovery until after the court enters a scheduling order setting deadlines for completing discovery and filing dispositive motions.

The court **ORDERS** that plaintiffs who are incarcerated at Prisoner E-Filing Program institutions[1] must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the court. Plaintiffs who are incarcerated at all other prison facilities must submit the original document for each filing to the court to the following address:

Office of the Clerk
United States District Court
Eastern District of Wisconsin
362 United States Courthouse
517 E. Wisconsin Avenue
Milwaukee, Wisconsin 53202

[1] The Prisoner E-Filing Program is mandatory for all individuals incarcerated at Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution.

DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the case.

The court advises the plaintiff that if he fails to file documents or take other required actions by the deadlines the court sets, the court may dismiss the case based on his failure to diligently pursue it. The parties must notify the Clerk of Court of any change of address. The court advises the plaintiff that it is his responsibility to promptly notify the court if he is released from custody or transferred to a different institution. The plaintiff's failure to keep the court advised of his address may result in the court dismissing this case without further notice.

The court will include a guide prepared by court staff to address common questions that arise in cases filed by prisoners. Entitled "Answers to Prisoner Litigants' Common Questions," this guide contains information that the plaintiff may find useful in prosecuting his case.

Dated in Milwaukee, Wisconsin, this 29th day of September, 2026.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**